23 C.C.P.A. (Patents)

## BECHTOLD v. LANSER.

### Patent Appeal No. 3615.

Court of Customs and Patent Appeals.

April 6, 1936.

Carl T. Mack, of Washington, D. C. (Walter W. Burns and Royce A. Ruess, both of Washington, D. C., of counsel), for appellant.

Cox & Moore, of Chicago, Ill. (Theodore A. Hostetler, of Washington, D. C., and Ballard Moore and Richard R. Trexler, both of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences, awarding priority of invention to appellee upon the sole count in issue, which reads as follows:

"In combination with a pump for liquid having a suction chamber and an outlet chamber, an air separating means having a receiving chamber and a float chamber provided with a restricted air passageway therebetween, said receiving chamber having communication with the outlet chamber of said pump and provided with a liquid discharge outlet, a connection for liquid between said float chamber and the suction chamber of said pump, said float chamber having an air vent, and a float actuated valve including a float in said float chamber for controlling said connection."

The interference arises between a patent issued to appellant on October 6, 1931, No. 1,826,340, the application therefor having been filed on July 18, 1930, and a reissue application of appellee for reissue of his patent No. 1,783,510, issued December 2, 1930. Appellee's original patent application was filed November 16, 1928, and the instant reissue application was filed January 6, 1933.

The count here in issue was copied by appellee from claim 31 of appellant's patent. It will be observed that said reissue application was filed fifteen months after the date of appellant's patent, and two years, one month, and four days after the date of appellee's patent.

The involved invention relates to an apparatus for dispensing liquid in measured quantities, wherein air and other gases may be separated from the liquid prior to measuring the liquid. One of the points at issue herein is that element of the count which calls for a restricted passageway between a receiving chamber and a float chamber through which the gases escape, said restricted air passageway co-operating with other parts of the apparatus.

Within the motion period under the rules of the Patent Office, appellant moved to dissolve the interference upon the ground that appellee had no right under his disclosure to make the claim corresponding to the count, and also upon a ground stated in said motion as follows:

"It is moreover respectfully submitted that Lanser's showing in his application for reissue is not sufficient to excuse the delay in filing of such application."

The Examiner of Interferences treated the language last above quoted as a claim by appellant of laches by appellee in filing his reissue application, creating an estoppel against appellee in favor of appellant.

The Examiner of Interferences denied said motion to dissolve, holding that appellee under his disclosure did have the right to make the claim corresponding to the count in issue, and also that appellee had established that, in the circumstances of the case, appellee's delay in filing his re-

issue application more than two years after the date of his patent was not unreasonable. Said Examiner thereupon held that inasmuch as the preliminary statement of appellant alleged a date for conception of the invention which was subsequent to the original filing date of appellee, and the motion period having expired, judgment of priority of invention with respect to said count should be awarded to appellee, and so ordered.

Upon appeal to the Board of Appeals the decision of the Examiner was specifically affirmed with respect to appellee's right to make the claim corresponding to the count, the Board holding that the involved invention was disclosed in appellee's patent and reissue application. Upon the question of laches, while the decision of the Examiner of Interferences was affirmed upon this point, the Board holding that such claim of laches did not present a ground of dissolution of the interference, the reasons given for such holding of the Board were different than those assigned by the Examiner.

We will first consider the question of whether the invention involved herein is disclosed in the patent of appellee and in his reissue application.

The only question upon this branch of the case is whether appellee discloses a restricted passageway between his receiving chamber and a float chamber. Appellant contends that such passageway is not disclosed by appellee, while appellee contends that such passageway is clearly disclosed in his patent and reissue application. Both tribunals of the Patent Office held that appellee does disclose such passageway in his patent and in his reissue application.

In appellant's device a rotary pump is employed which transfers fluid from one chamber to another, and thence to a third chamber. The liquid escapes from said third chamber by means of an opening against some slight back pressure. In flowing through said third chamber, from the inlet to the liquid outlet, any bubbles of gas entrained in the liquid rise to the top of said third chamber and escape therefrom through a vent, which appellant terms a "choke nipple," the bore through the nipple being sufficiently small to restrict the flow of fluid therethrough into the float chamber.

It is the last-named element of appellant's structure which responds to that element designated in the count as being a restricted air passageway between the receiving chamber and the float chamber. As long as there is any free gas in said third chamber, it will flow through said "choke nipple" and thence escape through a vent pipe. Any liquid which may flow through said "choke nipple" collects in said float chamber where, from time to time, the float is lifted by the accumulation of liquid therein and opens a needle valve to allow the accumulated liquid to escape and flow back to the pump inlet chamber.

In appellee's device fluid is supplied by a rotary pump and conducted through a conduit to a chamber. The liquid level in said chamber stands in the zone of a float situated in a float chamber connecting with said first-mentioned chamber. When the bubbles of gas escape from the liquid in said chambers and accumulate to such an extent that the level of liquid therein is lowered somewhat, the float is likewise lowered and a valve in a port situated at the upper portion of said float chamber opens to permit the gas accumulated in said first-mentioned chamber and float chamber to escape through a restricted passage or conduit through another float chamber, and thence through a vent pipe, any liquid present being returned to the conduit below the rotary pump. When the liquid in the first-mentioned receiving chamber is lowered, the gas-free liquid is forced into reservoirs located at a higher level than the receiving chamber and is then ready to be dispensed.

It is the above-described restricted passage or conduit that appellee contends meets the element of the count here under discussion, and, as hereinbefore stated, the Patent Office tribunals sustained such contention.

We find no error in this holding. It is a familiar rule that the counts of an interference must be given the broadest interpretation which they reasonably will support. The phrase "restricted air passageway" is not ambiguous. In the case of Shultz v. Dunham, 67 F.(2d) 501, 504, 21 C.C.P.A. (Patents) 706, we said:

"The counts of the interference here read broadly upon the disclosures of both parties. If the appellant had been content to rest his claims upon the specific structure disclosed by him, the appellee might not have been able to make such claims. However, when he so broadens his claims as to include other systems including dif-

fering structures, he cannot complain if others having such differing structures make the same claim. These counts are broadly drawn, are not ambiguous, and must be given the broadest construction which their language will support. Limitations, not expressed, will not be read into them. Martin v. Friendly, 58 F.(2d) 421, 19 C.C.P.A. [Patents] 1181; Oldroyd v. Morgan, 57 F.(2d) 358, 19 C.C.P.A. [Patents] 1111."

It is our view that each of the parties hereto had the same objective, viz., the separation of gases from liquids in liquid dispensing apparatus. Both provide for the removal of air or other gases which may be entrained in the liquid to be dispensed prior to the time the liquid is to be measured, and both effect such separation by the removal of the air or other gas as it collects at the top of the receiving chamber, wherein further separation of the air or other gases and liquid vapors is effected, the air and other gases passing off to the atmosphere and the liquid being recovered.

By apt language the appellant could have limited his claim to a restricted air passageway consisting of a "choke nipple," etc., but he did not see fit to do that. Instead he used the broad term, "restricted air passageway," which we hold is broad enough in its ordinary and common meaning to include the conduit disclosed by appellee between his receiving chamber and his second float chamber.

We find no error in the holding of the Board of Appeals that the disclosure of appellee entitles him to make the claim corresponding to the count here in issue.

We next come to the question of alleged laches creating an estoppel against appellee in favor of appellant. Upon this point the Board of Appeals in its decision stated:

"It is our opinion that the question of delay beyond two years where a broader claim is presented in a reissue application is not a matter which may be urged under the provisions of Rule 130. The same is believed true of the question of intervening rights and the latter point would further not be appealable here in view of the fact that although the Examiner briefly mentioned it he did not definitely discuss and decide that point. He rather remarked that no question of that nature had been raised.

"It is considered well established that the provisions of Rule 130 are not intended to apply generally to cases where it appears that because of some collateral matter or irrelevant factor one party might be barred from securing a patent. It is believed established that Rule 130 contemplates only cases where this supplemental matter is in some way associated fairly directly with the question of priority between the parties or as has been stated where it is ancillary to priority. * * *

"We do not find that the question of delay on the part of Lanser in filing his reissue application or intervening rights is directly related to the question of priority between these two applicants. We accordingly hold that these matters are not appealable under Rule 130 and the appeal concerning them is accordingly dismissed. It is considered that these possible grounds of rejection are open for inquiry by the Primary Examiner except where they have been adjudicated interparties by motion to dissolve."

With respect to the question of intervening rights referred to in the above quotation, appellant's counsel in their brief expressly withdrew any claim of intervening rights as a ground of estoppel, and upon this branch of the case rely wholly upon appellee's delay in filing his reissue application as evidence of laches creating an estoppel against him and in favor of appellant.

In the case of Phelan v. Green, 71 F.(2d) 298, 21 C.C.P.A. (Patents) 1228, we reviewed at length the authorities upon the question of whether, and under what circumstances, a party to an interference could urge laches by his opponent creating an estoppel which it would be proper to consider as a question ancillary to a judgment of priority. We there held that an estoppel against a party and in favor of the public was not a matter ancillary to the issue of priority in interference proceedings, but was a matter for ex parte consideration by the Patent Office tribunals. We also held that an estoppel against a party and in favor of an opponent was, in interference proceedings, ancillary to the question of priority.

It will be observed that each of the parties hereto has an issued patent, and the application of appellee is for the reissue of his patent. We have held that appellee disclosed the involved invention in his issued patent, but did not therein claim

it, and that he has the right, so far as his disclosure is concerned, to make the claim corresponding to the count here in issue.

If appellee had never made his application for reissue, the invention here involved would have been dedicated to the public, he being in fact the first inventor thereof. In such case the claim in appellant's patent corresponding to the count here involved would clearly have been invalid. By his application for reissue appellee seeks to avoid any dedication to the public and to claim it for himself. If such application for reissue is invalid because of laches in filing the same, his dedication to the public of the invention stands as if no such application had been made. How then can appellant properly claim that, by reason of appellee's filing the application for reissue, an estoppel was created in his, appellant's, favor, justifying an award of priority to him when, if said application for reissue is invalid, the invention has already been dedicated to the public by appellee who was the first inventor?

In the case of Derby et al. v. Whitworth, 62 F.(2d) 368, 372, 20 C.C.P.A. (Patents) 791, we said:

"In the case at bar appellants have not been prejudiced in any way by appellee's failure in his first application to make the claims that are included in his second application. It is admitted that the disclosures in both applications are substantially identical. If there be any estoppel at all against appellee, as to which we express no opinion, only the public, represented by the Patent Office, has the right to assert it, and appellants cannot secure an award of priority to themselves based upon the theory that, even though appellee be the first inventor, he has dedicated a part of his invention to the public by reason of the disclosure in his first application."

■ It will be remembered that there is no laches chargeable against appellee because of the mere fact that he did not copy the claim from appellant's patent until fifteen months after the issue of said patent. Chapman v. Wintroath, 252 U.S. 126, 40 S.Ct. 234, 64 L.Ed. 491; Robinson v. Heising, 55 F.(2d) 472, 19 C.C.P.A. (Patents) 895; Hendrickson et al. v. Ronning et al., 76 F.(2d) 137, 22 C.C.P.A. (Patents) 1040.

■ We are clear that, assuming without deciding that appellee's application for reissue is invalid because of delay in filing the same, an estoppel against appellee arises in favor of the public only and not in favor of appellant, and such estoppel may not be considered in this proceeding, but is a matter for ex parte consideration by the Patent Office tribunals.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.